## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HASSAN S. BEY,

      Plaintiff,

    v.

CAMDEN COUNTY
PROSECUTORS, *et. al.*,

      Defendants.

**Case No. 26–cv–04603–ESK–EAP**

**OPINION AND ORDER**

    **THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Hassan S. Bey to proceed *in forma pauperis* (IFP) (ECF No. 1–1 pp. 7–20); and plaintiff having brought this action against defendants Camden County Prosecutors and Bellmawr Police Department; and the Court finding

    1.    Plaintiff is a pretrial detainee at Camden County Correctional Facility. (ECF No. 1 (Compl.) pp. 2, 3.) Plaintiff filed the complaint on April 27, 2026 asserting a claim under 42 U.S.C. § 1983 alleging that defendants violated his Fourth and Fourteenth Amendment constitutional rights through malicious prosecution and discriminatory/selective enforcement. (*Id.* p. 4.)

    2.    Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

    3.    Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

    4.    The Court shall accordingly screen the action to determine whether the complaint: (a) is frivolous or malicious; (b) fails to state a claim on which

relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief.    28 U.S.C. §1915(e)(2)(B)(i)–(iii).    The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5.    When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).    To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6.    A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."    *Bell Atl. Corp.*, 550 U.S. at 555.

7.    Plaintiff seeks relief for having been arrested in October 2025 by the Bellmawr Police Department for home invasion at a residence he claims was his own.    (Compl. pp.5, 7.)    Plaintiff alleges that rather than investigate who resided at the home, the Bellmawr Police Department and Camden County Prosecutors relied on fabricated evidence to charge and detain him without probable cause.    (*Id.*)    Plaintiff seeks a temporary restraining order against defendants and monetary damages in an amount to be determined at a jury trial.    (*Id.* p.5.)

8.    Plaintiff fails to adequately allege any of his asserted causes of action.    Malicious prosecution claims requires: (1) the defendant to initiate a criminal proceeding; (2) the criminal proceeding to result in the plaintiff's favor; (3) the defendant to initiate the proceeding without probable cause; (4) the defendant to act maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff to suffer a deprivation of liberty as a consequence of the proceedings.    *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018).    At minimum, plaintiff has not alleged that his prosecution has resulted or will result in his favor.    *See id.* at 356 ("The element of favorable termination is established by showing that the proceeding ended in any manner 'that indicates

2

the innocence of the accused.'" (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009)).    While the complaint indicates that plaintiff was indicted by a grand jury on February 9, 2026 for first degree home invasion, the current stage of these criminal proceedings is unclear.

9.    I interpret plaintiff's claim for discriminatory/selective enforcement as racial profiling.    To support such a claim, plaintiff must show that the defendants' actions (1) had a discriminatory effect—which requires plaintiff to show that he is a member of a protected class and was treated differently than similarly situated individuals of an unprotected class; and (2) were motivated by discriminatory purpose.    *Alvin v. Calabrese*, 455 F. App'x 171, 177 (3d Cir. 2011).    But plaintiff does not plead that he is a member of a protected class or that defendants' actions were racially motivated.

Accordingly,

**IT IS** on this    **1st** day of **May 2026    ORDERED** that:

1.    The Application (ECF No. 1–1) is **GRANTED**.

2.    The complaint is **dismissed without prejudice**.    Plaintiff may file an amended complaint by **May 29, 2026** addressing the deficiencies outlined above.    The Court reserves the right to dismiss this action with prejudice for failure to timely file an amended complaint.

3.    Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this order by regular mail upon the New Jersey Attorney General's Office and the warden of the Camden County Correctional Facility.

4.    Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or plaintiff's case is otherwise administratively terminated or closed, 28 U.S.C. § 1915 does not suspend installment payments of the filing fee or permit refund of the filing fee, or any part of it, that has already been paid.

5.    The warden of Camden County Correctional Facility or other appropriate official shall assess an initial payment of 20% of the greater of (a) the average monthly deposits to plaintiff's account; or (b) the average monthly balance in plaintiff's account for the six-month period immediately preceding the filing of the complaint.    The warden, or his or her designee, shall calculate,

collect, and forward the initial payment assessed in this order to the Clerk of the Court within **21 days** of this order.

6.      Pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, his monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, *etc.*, until all fees have been paid in full.

7.      Pursuant to 28 U.S.C. §1915(b)(2), in each month that the amount in plaintiff's account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid.   Each payment shall reference the civil docket numbers of the actions to which the payment should be credited.

8.      The Clerk shall send a copy of this order to plaintiff by regular mail and mark this case **closed**.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4