**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HASSAN S. BEY,**<br>**Plaintiff,**<br>**v.**<br>**CAMDEN COUNTY PROSECUTORS, *et al.*,**<br>**Defendants.** | **Case No. 26–cv–04603–ESK–EAP**<br><br>**OPINON AND ORDER** |

**THIS MATTER** having come before the Court *sua sponte*; and the Court finding:

1. Bey is currently incarcerated at Camden County Correctional Facility. (ECF No. 1 (Compl.) pp. 2, 3.) He initiated this action on April 27, 2026, alleging that defendants violated his Fourth and Fourteenth Amendment constitutional rights through malicious prosecution and discriminatory/ selective enforcement. (*Id.* p. 4.) On May 1, 2026, I granted Bey leave to proceed *in forma pauperis* but dismissed the complaint without prejudice for identified pleading deficiencies. (ECF No. 3 (May 1, 2026 Order).) Bey was provided until May 29, 2026 to file an amended complaint. (*Id.* p. 3.) At Bey's request (ECF No. 4), I extended the deadline by 60 days (ECF No. 5 (May 29, 2026 Order)).

2. Although Bey was warned that "[t]he Court reserves the right to dismiss this action with prejudice for failure to file an amended complaint" (May 1, 2026 Order p. 3), no amended complaint has been filed to date.

3. A court may dismiss a case upon a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure (Rules) or a court order. Fed. R. Civ. P. 41(b). Dismissals pursuant to Rule 41(b) may be made *sua sponte*. *Lopez v. Cousins*, 435 F. App'x 113, 115 (3d Cir. 2011). In so doing, the court must generally arrive at its decision by balancing the *Poulis* factors. *Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019); *but see Allen v. Am. Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (concluding that the district court did not abuse its discretion in not expressly weighing the *Poulis* factors when dismissing the plaintiff's case with prejudice for failure to file an amended complaint as ordered).

> Under *Poulis*, a court must weigh: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

*Nieves,* 790 F. App'x at 357 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

4. *Sua sponte* dismissals are to be made with caution, and courts should usually provide the plaintiff with an opportunity comply with the relevant order before dismissing. *Id.* Having provided Bey with such an opportunity (May 1, 2026 Order; May 29, 2026 Order), I turn to the *Poulis* factors.

5. First, Bey is proceeding *pro se* and is thus personally responsible for his actions. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017). The Court dismissed his complaint nearly three months ago and provided him 90 days to amend. Even attributing the subsequent delay in significant part to Bey's incarceration and associated challenges, Bey was provided a significant amount of time to file an amended complaint. *See Fuschetto v. Foster*, Case No. 15–05485, 2017 WL 374475, at *2 (D.N.J. Jan. 25, 2017) (noting that the plaintiff was provided two months to file an amended complaint and failed to do so).

6. Second, defendants are not prejudiced by Bey's failure to file an amended complaint. Bey filed the original complaint under 42 U.S.C. §1983 and the allegations were premised on events that took place in October 2025. (Compl. p.5) Section 1983 actions borrow the state statute of limitations for personal injury torts, which is two years in New Jersey. *Hernandez v. Montoya*, 636 F. Supp. 3d 511, 516–17 (D.N.J. 2022). A substantial amount of time remains before the statute of limitations expires.

7. Third, I do not find that Bey has exhibited a history of dilatoriness. Rather, he has failed to comply with the Court's orders, directing him to file an amended complaint. (*See* May 1, 2026 Order; May 29, 2026 Order.) These two instances are insufficient to support the third *Poulis* factor. *See Lopez*, 435 F. App'x at 116 (finding that the violation of one order did not demonstrate a history of dilatoriness).

8. Fourth, Bey is proceeding *pro* se, and he alone can take the necessary steps to prosecute his case. His failure to do so may therefore be interpreted as willful. *See Dickens*, 700 F. App'x at 118. The Court expressly warned

plaintiff that failure to timely file an amended complaint may result in the dismissal of this action with prejudice. (May 1, 2026 Order p. 3.) His lack of response to the extension the Court granted indicates an unwillingness to litigate this case as directed. *See Chukwu v. Murphy*, Case No. 23–23010, 2024 WL 5395211, at *2 (D.N.J. Dec. 20, 2024), *report and recommendation adopted*, 2025 WL 303988 (D.N.J. Jan. 27, 2025) (concluding that the plaintiff's failure to serve or amend his complaint or explain his failure to do so was willful and exhibited an intention to not pursue the action in accordance with the court's order).

9. Fifth, traditional monetary sanctions are generally inappropriate for litigants like Bey who are proceeding *pro se* and *in forma pauperis*. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012). Though there are alternative non-monetary sanctions such as a warning or formal reprimand, *Ghana v. N.J. State Parole Bd.*, Case No. 01–01620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011), Bey has already been warned that his case would be dismissed with prejudice if he did not file a timely amended complaint (May 1, 2026 Order p. 3). I thus interpret Bey's unresponsiveness as rendering an alternative sanction futile. *See Fuschetto*, 2017 WL 374475, at *2.

10. Finally, I consider the merits of Bey's claims. As addressed in the May 1, 2026 order, Bey's claims are premised on allegations of malicious prosecution without a claim that his prosecution has resulted in his favor and discriminatory/ selective enforcement without an allegation of membership in a protected class. (May 1, 2026 Order p. 4.) Bey failed to plead key elements to the claims alleged, and his apparent aversion to filing an amended complaint illustrates an inability to plead such elements. I am therefore satisfied that five of the six *Poulis* factors weigh in favor of dismissal with prejudice.

Accordingly,

**IT IS** on this **6th** day of **August 2026** **ORDERED** that:

1. This matter is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall send a copy of this order to Clayton by regular mail and mark this case **CLOSED**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**